IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                                            Case No. 2:19-cr-41

Quiana Mathews

<u>Opinion and Order</u>

Defendant pleaded guilty to one count of Conspiracy to Defraud the Government With Respect to Claims, in violation of 18 U.S.C. § 286, for operating a tax preparation business through which she filed false claims for tax refunds with the Internal Revenue Service. In October 2020, the Court sentenced defendant to a period of 72 months imprisonment and 3 years supervised release. Defendant is presently incarcerated at the Federal Correctional Institution in Victorville, California.

This matter is before the Court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018. Defendant argues that she should be considered for compassionate release because of the death of the primary caregiver of her minor children.

**I.**     **Exhaustion of Administrative Remedies**

Under 18 U.S.C. § 3582(c)(1)(A), an imprisoned person may file a motion for compassionate release after (1) exhausting the Bureau of Prison's administrative process, or (2) thirty days after the warden received the compassionate release request, whichever is earlier. *See United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020).

Defendant initially filed her motion on May 3, 2023, alleging that the caregiver of her minor children had passed away on April 26, 2023. *See* Doc. 76. Defendant did not allege that she had exhausted the BOP's administrative process or made a compassionate release request with the warden.

Defendant filed a notice with the Court on May 15 that she had submitted a compassionate release request with the warden where she was then incarcerated, FCI Aliceville in Alabama. *See* Doc. 77. On June 27, 2023, the Court instructed defendant to provide an update on the status of

1

her request. *See* Doc. 80. On July 7, defendant filed a response in which she stated that she had been transferred to FCI Victorville in June and filed a new request there for compassionate release.

On August 2, defendant submitted a notice to the Court that thirty days had lapsed since she filed her request for compassionate release with the warden at FCI Victorville and that she had not received a response.

The Court finds that defendant has demonstrated that she has satisfied the procedural requirements of § 3582(c)(1)(A).

## II.    Substantive Standard for Compassionate Release Motions

The First Step Act directs courts to follow a "three-step inquiry" in addressing defendant-filed motions for compassionate release. *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022). First, a defendant must show that "extraordinary and compelling" reasons warrant the reduction. *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Second, and related to the first, a court should confirm that a reduction in sentence "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (quoting § 3582(c)(1)(A)). Third, the court considers the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. *See id.* (citing § 3582(c)(1)(A)).

Since the passage of the First Step Act, district courts have had full discretion to define what constitutes an "extraordinary and compelling" reason. *See Jones*, 980 F.3d at 1111. That is in part because the United States Sentencing Commission lacked a quorum to promulgate a policy statement regarding the appropriate use of § 3582(c). *See United States v. Jenkins*, 50 F.4th 1185, 1193 (D.C. Cir. 2022).

In the absence of a new policy statement, courts generally have referred to the Commission's policy statement which applied to BOP-filed motions. *See* U.S.S.G. § 1B1.13. Under that statement, the defendant's medical conditions, age, and family circumstances may provide "extraordinary and compelling" reasons for compassionate release. *See id.*, Application Note 1.

The Commission reached a quorum in August 2022 and promulgated proposed amendments to the Sentencing Guidelines on April 27, 2023. The amendments will take effect on November 1, 2023 if Congress does not act to disapprove of them. The Court will discuss below the amendment relevant to this case.

2

**III.     Extraordinary and Compelling Reasons**

According to the motion and related filings submitted by defendant, her mother Barbara Huffman was found dead in defendant's home on April 26, 2023 in Dallas, Georgia. Huffman had lived there since defendant's incarceration in order to care for defendant's four minor children. Defendant states that a neighbor has been looking after her children, but that this is not a long-term solution. Defendant identifies herself as the only suitable caregiver for her children, and she expresses her fear that Children Services officials will take her children into custody.

Courts have found that the death or incapacitation of the caregiver of a defendant's minor child or minor children may provide an extraordinary and compelling reason for compassionate release. *See*, *e.g.*, *United States v. Cole*, No. 18-20237, 2021 WL 194194, at *2 (E.D. Mich. Jan. 20, 2021). In recognizing such a basis for compassionate release, courts have cited the Sentencing Commission's policy statement (applicable to BOP-filed motions) which stated that the "death or incapacitation of the caregiver of the defendant's minor child or minor children" may constitute an extraordinary and compelling reason for a sentence reduction. U.S.S.G. § 1B1.13, Application Note 1(C)(i).

The proposed amendments to the Sentencing Guidelines would only slightly alter the language of the existing policy statement. The relevant amendment provides that extraordinary and compelling reasons may exist upon the "death or incapacitation of the caregiver of the defendant's minor child or defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition." Proposed April 27, 2023 Amendments to the Sentencing Guidelines, § 1B1.13(b)(3)(A).

The Court requested the Unites States Probation Office for the Southern District of Ohio to verify the statements made by Mathews in her filings. The Probation Office contacted state and local officials in Georgia and confirmed that Barbara Huffman did in fact die in Paulding County, Georgia on April 26, 2023. In addition, they have verified that defendant has four minor children who are approximately 9, 10, 14, and 16 years old.

The Court also asked the Probation Office to determine the current living situation of the minor children. After contacting the Paulding County Division of Family and Children Services, the

Probation Office reported that the children are living with their father. Satisfied with that arrangement, Children Services closed its case on the matter. Children Services stated that the children have not been in state custody.

When addressing motions for compassionate release under similar circumstances, courts have looked to whether there are other available caregivers for the minor child.[1] *See United States v. Dick*, No. 2:95-CR-00010, 2021 WL 5850187, at *5 (M.D. Tenn. Dec. 9, 2021); *United State v. Lemon*, No. 4:16-cr-0239, 2021 WL 1060142, at *2 (N.D. Ohio Mar. 18, 2021); *Cole*, 2021 WL 194194, at *2; *United States v. Simmons*, No. CR 15-0025 (PLF), 2021 WL 5074741, at *5 (D.D.C. Nov. 2, 2021) (citing cases). As one court observed, "a defendant typically must establish that all other potential caregivers for their minor child are incapacitated." *United States v. Delgado*, No. 3:15-CR-246, 2023 WL 4552890, at *2 (M.D. Pa. July 14, 2023) (internal quotation marks omitted). Courts have placed the burden on the defendant to prove that other potential caregivers are not available or suitable. *See Dick*, 2021 WL 5850187, at *5; *Lemon*, 2021 WL 1060142, at *2; *United States v. Cruz-Rivera*, No. 11-43, 2020 WL 5993352, at *7 (E.D. Pa. Oct. 9, 2020).

In a recent filing, dated August 13, 2023, defendant continues to assert that "there is no caregiver available to take my children." Doc. 87. Her assertion is fully contradicted by the information provided by the Paulding County Division of Family and Children Services. Defendant has not submitted any evidence from which the Court could find that the children's father is not suitable to be a caregiver.

Accordingly, the Court finds that defendant has not demonstrated that an extraordinary and compelling reason exists for compassionate release, and thus denies her motion without prejudice.

## IV. Prior Motion for Compassionate Release

Before filing a motion for compassionate release based on the death of her minor children's caregiver, defendant had filed a motion for compassionate release based on alleged circumstances at

---

[1] The Court notes the contrary, but factually distinguishable, authority of *United States v. Lou*, No. 05 CR 514, 2023 WL 2499878, at *2 (N.D. Ill. Mar. 14, 2023). In *Lou* the court held that the defendant had shown an extraordinary and compelling reason even if there were grandparents available to care for the child at issue. The court found that the trauma on the child of first losing his father to incarceration and then losing his mother to suicide was an extraordinary and compelling reason for reducing the sentence of the father.

4

FCI Aliceville. The grounds related primarily to an incident in which a female staff member allegedly touched defendant in a sexual manner. Defendant later supplemented her motion with allegations that she had been intimidated by inmate. Defendant also reported in supplemental filings that she had contracted COVID-19 and alleged that her post-recovery care (relating to complications with asthma and anemia) was deficient because of staff shortages at FCI Aliceville.

The Court finds that defendant's grounds for compassionate release are moot now that defendant has been transferred to FCI Victorville.

## V. Conclusion

Accordingly, defendant's motion for compassionate release based on the death of her minor children's caregiver (docs. 76, 77) is denied without prejudice. Defendant's motion for compassionate release based on circumstances at FCI Aliceville (docs. 57, 64, 65) is denied as moot. Defendant's motions for leave to file supplemental briefs (docs. 73, 75) are granted. The Clerk of Court shall terminate defendant's miscellaneous motions to expedite (docs. 61, 74, 88) as moot.


Date: September 12, 2023                        *s/ James L. Graham*
                                                James L. Graham
                                                United States District Judge