IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                                                                 Case No. 2:19-cr-41

Quiana Mathews

<u>Opinion and Order</u>

       This matter is before the Court on Defendant's motion for reconsideration of the Court's September 12, 2023 Opinion and Order denying her motion for compassionate release. Defendant moved for compassionate release on the grounds that her mother, who was the caregiver of Defendant's four minor children, had passed away. The Court found that this was not an extraordinary and compelling reason for compassionate release because the Probation Office had provided information to the Court indicating that the children were living with their father. Defendant had not submitted any evidence showing that the father was an unsuitable caregiver.

       In her motion for reconsideration, Defendant argues that the father, Marvin Knight, is not a suitable caregiver because he is a "fugitive from justice." Doc. 91, p. 2. Defendant has filed numerous materials, including docket entries from a divorce and custody proceeding which she initiated in state court in California. Defendant is currently incarcerated in a federal detention facility in California, and, according to Defendant, Mr. Knight resides in California.

       Defendant's motion is opposed by the Government, which argues that Defendant has not demonstrated Mr. Knight to be an unsuitable caregiver. Further, the Government argues that the state court is the venue best suited to determine whether the children should remain with Mr. Knight.

       Neither the Federal Rules of Criminal Procedure nor the Court's Local Criminal Rules expressly provide an avenue for parties to seek reconsideration of an order. Thus, judges of this Court have held that motions for reconsideration in a criminal case must comply with Federal Rule of Civil Procedure 59(e)'s standards for altering or amending judgment. *See, e.g., United States v. Robinson*, 5 F. Supp. 3d 933, 936 (S.D. Ohio 2014); *United States v. Salazar*, No. 2:17-CR-179, 2019

1

WL 211029, at *2 (S.D. Ohio Jan. 16, 2019). A party moving for reconsideration must demonstrate one of the following: "(1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority." *Salazar*, 2019 WL 211029, at *2.

Defendant's argument that Mr. Knight is a "fugitive from justice" is not based on new evidence. Instead, her evidence relates to an arrest warrant issued for Mr. Knight in 2011. Defendant has submitted what appears to be a screenshot from the electronic records of the Montgomery County, Alabama Sheriff's Office. *See* Doc. 94. The screenshot shows that on July 14, 2011, an arrest warrant was issued for Mr. Knight on a charge of "Insufficient Funds Check (Negotiating Non-Negotiable Worthless Instrument)." *Id.*

The Court agrees with the Government that a 12-year-old non-violent charge does not establish that Mr. Knight is an unsuitable caregiver for the minor children for purposes of the motion for compassionate release. *See United States v. Combs*, No. 2:19-CR-138, 2023 WL 6997117, at *1 (S.D. Ohio Oct. 24, 2023) (defendant moving for compassionate release based on death or incapacitation of caregiver of minor children must show that she is the only able caretaker for the children); *United States v. Delgado*, No. 3:15-CR-246, 2023 WL 4552890, at *2 (M.D. Pa. July 14, 2023) ("[A] defendant typically must establish that all other potential caregivers for their minor child are incapacitated.") (internal quotation marks omitted).

The Court finds that the issue of whether Mr. Knight should have custody of the children is best resolved by the California state court. Defendant's motion for reconsideration and the numerous materials she has filed in this case make clear that the custody issue has been squarely placed before the state court.

Defendant also contends that Mr. Knight is not the father of the oldest of the four minor children. The oldest minor child, T.P., is 16 years old. According to Defendant, T.P. has not been residing with Mr. Knight, but at one point sought admission into a mental health facility.

With so little information provided, the Court at this time cannot find that Defendant has met her burden of showing that T.P.'s situation constitutes "extraordinary and compelling" reasons for Defendant's release. 18 U.S.C. § 3582(c)(1)(A)(i). As the Government observes, Defendant has

made numerous filings with the Court but has given only sparse information about T.P. Without more, the Court is unable to evaluate whether T.P. lacks a caregiver.

      Accordingly, Defendant's motion for reconsideration (Doc. 91) is denied without prejudice.

Date: February 8, 2024                                                         s/ James L. Graham
                                                                                                                                          James L. Graham
                                                                                                                                          United States District Judge